**The below described is SIGNED.**



**Dated: June 15, 2007**          _____
                                  **WILLIAM T. THURMAN**
                                  **U.S. Bankruptcy Judge**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

In re:

**Dale Wayne Harrell, Jr.,**                Bankruptcy Number 05-38736

   Debtor.                                  Chapter 7

### MEMORANDUM DECISION

The matter before the Court is the chapter 7 Trustee's Motion for Turnover, Motion to Appoint a Realtor, and Motion to Sell Real Property.  At the time of filing, the bankruptcy estate lacked equity in the Debtor's home but it has since significantly appreciated in value.   In addition, the Debtor was awarded his spouse's ½ interest in the home pursuant to a divorce decree post petition which the Trustee also seeks to sell.   To that end, the Trustee seeks an order requiring the Debtor to turn over possession of the home and authorizing its sale and retaining all funds, except for payment of the underlying mortgage, closing costs and a $20,000 homestead exemption for the Debtor.  The Court determines that sale of the home would not result in a benefit to the estate, and denies the Trustee's motions.

**I. JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E). Venue is appropriate under 28 U.S.C. § 1408(a).

**II. BACKGROUND**

The Debtor filed for chapter 7 bankruptcy relief on October 14, 2005 and Elizabeth Loveridge was appointed the chapter 7 Trustee for this case. At the time of filing, the Debtor owned an interest in a home in Salt Lake City, Utah (the "Property") which he valued on his bankruptcy schedules at $128,000, subject to a mortgage for $119,000. He indicated on bankruptcy schedule A that he owned a fee simple ownership of the Property, when in actuality he only owned a ½ interest in the Property with his spouse.[1] He also claimed a homestead exemption of $20,000 in the Property on Schedule C. The Trustee did not object to either the Debtor's valuation of the home or his claimed homestead exemption.

Since filing for bankruptcy relief the Debtor's spouse, Trish Campbell filed for divorce in 2007 and on March 29, 2007, a Utah state court entered a decree of divorce.[2] The decree awarded the Debtor sole ownership of the Property.

---

[1] It is unclear to the Court whether the Debtor disclosed his spouse's existence or her co-interest in the Property since he did not list a spouse on bankruptcy schedule I and listed a fee simple ownership in the Property on schedule A. He did, however, list a joint interest in a timeshare on schedule A, which might have shown the spouse's existence upon further investigation. That issue is concerning to the Court but is not relevant to today's decision. The Court notes, however, that the Trustee has commenced an adversary proceeding against the Debtor to revoke his chapter 7 discharge.

[2] The Decree of Divorce, received as Trustee's Exhibit #2, sets forth that the Debtor is awarded the home, however, no evidence was presented as to an actual conveyance being issued by his spouse.

At some point in early 2007 while the case remained open, the Trustee determined that there was equity in the Property such that its sale would satisfy the mortgage and the debtor's exemption and still leave funds available for distribution to creditors.[3] To that end, she filed the present Motion to Employ a Realtor on May 3, 2007. The realtor's efforts to market the Property resulted in a cash offer of $165,000. The Trustee believes that after paying the mortgage, sales expenses, and an exemption of $20,000 to the debtor, the sale will return $14,000 to the bankruptcy estate. She filed a Motion to Retain a Realtor on May 3, 2007, a Motion to Sell the Property on May 8, 2007 and a Motion for Turnover of the Property on May 15, 2007, which are the subject of this Memorandum Decision. Neither of the Trustee's motions contemplate a distribution of ½ of the proceeds for the co-interest held by the Debtor's spouse at the time of filing. It appears that the Trustee has been assuming that the Debtor was the sole owner of the Property and has tailored her Motion to Sell and supporting memorandum and argument accordingly. Only at the hearing on this matter did the Trustee argue for the first time that, notwithstanding the co-ownership of the Debtor at the time of the filing of the case, she should be allowed to sell and retain all proceeds of sale, except for payment of the first mortgage, closing costs and the homestead exemption for the Debtor.[4]

The Debtor argues that the Court should deny the Trustee's motions because any increase in the market value of the Property inures to his benefit. Specifically, he points out that he has

---

[3]This assumed the Debtor was the sole owner and that no consideration be given to the Debtor's ex-spouse's interest which apparently had been awarded to him post petition.

[4]This matter took on a different character at the hearing when, for the first time, the Debtor testified that he was not the sole owner of the Property at the time of filing his bankruptcy case, but rather only a ½ interest owner. This evidence was supported by the Decree of Divorce, Exhibit #2.

been paying the mortgage obligation secured by the Property since this case was filed and the Trustee did not indicate an interest in the Property until approximately eighteen months after the case was filed. The Trustee argues that the Debtor is only entitled to a monetary exemption of $20,000, and she believes that the estate is entitled to retain any increase in the Property's value. Moreover, the Trustee argues that the divorce decree entered post petition allows the estate to retain the entire proceeds from the sale of the Property, less payment of the mortgage, closing costs and exemption amounts.

### III. ANALYSIS

#### A. The Property Sought to be Sold is not fully Property of the Estate

The Trustee argues that the Court has authority to grant her Motion to Sell under §§ 363(b) and (f) because she believes the Debtor held both a legal interest in his ½ and an equitable interest in the entire Property at the time of filing. She argues that because the Debtor and his spouse had separated at the time of filing and were contemplating divorce, the Debtor had an equitable interest in the Property, subject to definition by the divorce proceedings. The Court disagrees.

Section 541(a)(1) provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The contours of a debtor's property interest are defined by looking to state law.[5] Utah is a "legal title state," meaning that a spouse is held to own any property to which he or she holds legal title.[6] A divorce court has authority under its equitable powers to alter this arrangement, but until a

---

[5] Butner v. U.S., 440 U.S. 48 (1979).

[6] Bradford v. Bradford, 993 P.2d 887 (Utah App. 1999).

divorce decree is entered one spouse does not have ownership to property titled in the other spouse.

Thus, the Court determines that under Utah law a debtor spouse is held to own only property to which he or she holds legal title at the time of filing for bankruptcy relief. If the debtor is involved in divorce proceedings at the time of filing (or even one commenced months after the bankruptcy filing, as is the case here), the debtor does not have an equitable interest in property beyond that to which he or she has legal title. Until and unless a state court enters a divorce decree dividing marital property, the debtor cannot be said to have an interest in property unless he or she has legal title to that property.

In this case, the Debtor held a ½ interest in the Property with his spouse at the time of filing this case. He was separated from his spouse at the time of filing, but no decree of divorce or property settlement order had been issued at that time. Accordingly, the Court determines that under the evidence presented at this hearing the estate holds only a ½ interest in the Property.[7] The Court has also considered whether the stay under §362(a) helps the Trustee. The Court does not believe it does. Had the stay operated to bar the issuance of the Decree of Divorce, the Debtor would not be the sole owner now, but rather his spouse would be a necessary party as a

---

[7]The Trustee argues that the Debtor's acquisition of his spouse's co-interest post petition brings the entire Property within property of the estate under § 541(a)(7), which refers to "[a]ny interest in property that the estate acquires after the commencement of the case." This provision includes within property of the estate only property which is acquired post petition by the *estate*. Brassfield v. Jack McLendon Furniture, Inc., 953 F.Supp. 1424 (M.D. Ala. 1996). The provision more applicable to this case is § 541(a)(5), which refers to "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquired or becomes entitled to acquire within 180 days after such date. . ." The Trustee cannot argue that the spouse's co-interest became property of the estate under this provision because the divorce decree was issued more than 180 days after the Debtor filed for bankruptcy relief.

co-owner. Further, the Court does not see any of the provisions of § 362(a) barring the entry of the Decree of Divorce under the circumstances of this case.

### B.     The Motion to Sell is Procedurally deficient

Having determined that only ½ of the Property is property of the estate, it appears the Trustee's Motion to Sell has some procedural and substantive issues that have not been adequately addressed by the Trustee. 11 U.S.C. § 363(h) authorizes the Court to sell both the estate's interest in the property "and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety. . ." A trustee seeking to sell property under § 363(h) may do so only by filing an adversary proceeding pursuant to Bankruptcy Rule 7001(3).

In this case, the Trustee is seeking permission to sell the Property free and clear of any liens or encumbrances through a Motion to Sell pursuant to § 363(b) and (f). Because the Property was subject to a co-interest at the time of filing, the Court's authority to allow a sale of the Property derives from § 363(h), which requires the Trustee to file an adversary proceeding. The Trustee has not filed an adversary proceeding seeking relief under § 363(h), so the Court believes it improper to grant the relief requested in the Trustee's Motion to Sell. Even though the Debtor has acquired the interest of his former spouse in the Property post petition through the Decree of Divorce now making him the sole owner, the Court believes that the lack of an adversary proceeding is fatal to the Trustee's Motion to Sell.

### C.     The Motion to Sell Would Not Return a Benefit to the Estate

Even if the Trustee's Motion to Sell were procedurally proper, the Court is inclined to

6

deny the motion on its merits. Section 363(h) allows the sale of property only if, among other things, "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners." The Trustee has not carried the burden required to satisfy this requirement because the Court believes the benefit to the estate from a sale of the Property is negligible.

The Trustee proposes to sell the Property for $165,000. The Property is subject to a mortgage for approximately $119,000[8] and the Debtor is entitled to a $20,000 exemption in the Property. If the Court granted the Motion to Sell, the Trustee would receive approximately $36,000 in proceeds after paying the mortgage and realtor fees computed at 6% of the sales price. Because the estate only owns a ½ interest in the Property, the estate would be entitled to ½ of those proceeds, i.e. $18,000. This does not leave enough to pay the Debtor's exemption in full, and the estate would not be left with anything. Under these circumstances, the Court does not believe the benefit to the estate of selling the Property outweighs the detriment caused to the Debtor in not receiving his full homestead exemption and the detriment to the co-interest in the Property from the sale.

### D. Motion for Turnover and Motion to Appoint Realtor

The Trustee also seeks an order requiring turn over of the Property. Section 542(a) provides that the debtor is required to turn over property of the estate to the trustee "unless such property is of inconsequential value or benefit to the estate." In ruling on the Motion to Sell, the Court has determined that the Property is of inconsequential value or benefit to the estate.

---

[8]This is the amount listed on the schedules. No evidence was presented as to the current balance so the Court has no other basis upon which to make its finding.

Accordingly, the Trustee's Motion for Turnover should be denied.

Similarly, where the proposed sale would not result in a benefit to the estate, it is unnecessary to appoint a realtor.[9] That is not to say, however, that the Trustee's attempts to retain a realtor in this case were unreasonable. The Court holds only that the Motion to Retain a Realtor should be denied because, under the circumstances of this case, sale of the property is not beneficial.[10]

## V.  CONCLUSION

The Trustee's Motion to Sell, Motion to Appoint a Realtor, and Motion for Turnover should be DENIED.

---

[9] See In re Rheam of Indiana, Inc., 111 B.R. 87 (Bankr. E.D. Pa. 1990) *aff'd in part, vacated in part on other grounds*, 133 B.R. 325 (E.D. Pa. 1991) (holding that a professional should not be employed unless the services sought are "necessary for the protection and benefit of the estate or for the furtherance of the aims of the case.").

[10] The Court notes that much of the problem addressed by this decision may have been created by the Debtor incorrectly listing himself as the sole owner of the Property on his Schedules. This misled the Trustee into believing that there was no co-interest in the Property and the Trustee's decision to employ a realtor was therefore well founded, but ultimately under the Court's analysis, a futile effort.

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Dale Wayne Harrell, Jr.
355 Downington Ave.
Salt Lake City, UT 84115

Elizabeth Loveridge
David Williams
David Nill
Woodbury & Kesler
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110

U.S. Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111